UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Criminal No. 08-326 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| ARTHUR HEIMALL, | : | |
| | : | |
| Defendant . | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

  This matter comes before the Court upon the application by Defendant Arthur P. Heimall, Jr. ("Defendant") for early termination of his probation dated December 29, 2010 [docket entry no. 15].

  On December 15, 2008, the Defendant was sentenced to five years probation with six months home confinement, a $10,000 fine, and a $100 special assessment for conspiracy to request and receive unlawful labor payments. Other special conditions were imposed. Defendant pled guilty to accepting a $5,000 bribe while employed as a business agent.

  While Defendant is in compliance with the terms of probation, "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." United States v. Caruso, 241 F.Supp. 2d 466, 469 (D.N.J. 2003); see also Title 18 U.S.C. Section 3583(e)(1) ("The Court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of

1

one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."); Caruso, 241 F. Supp at 468 ("There is general agreement that the early termination of probation . . . is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior.").

Here, Defendant is already on the lowest level of supervision available.  He has not yet completed half of his supervision term and further he has failed to identify any changed circumstances, such as exceptionally good behavior, that merit early termination.  Defendant simply states that he has in the past and continues in the present "to meet all obligations of [his] probation."  As discussed, compliance, alone, is insufficient for early release.

Accordingly, for the reasons set forth above,

**IT IS** on this 7th day of January, 2011,

**ORDERED** that Defendant's application for early termination of probation be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge